UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELI LILLY AND COMPANY,

                Plaintiff,

    v.

ADONIS HEALTH INC.,

                Defendant.

CASE NO. 3:26-mc-05002-DGE

ORDER TRANSFERRING MOTION TO COMPEL (DKT. NO. 1) TO NORTHERN DISTRICT OF CALIFORNIA

Plaintiff Eli Lilly and Company ("Lilly") filed a motion to compel compliance with subpoena by non-party respondent Colchis Medical Services PC ("Colchis"). (Dkt. No. 1.) Plaintiff has also filed a motion to transfer the motion to compel to the Northern District of California. (Dkt. No. 3.) Colchis has not responded to either motion.

"Federal Rule of Civil Procedure 45 explicitly contemplates the use of subpoenas in relation to non-parties and governs subpoenas served on a third party . . . as well as motions to quash or modify or to compel compliance with such a subpoena." *Orix USA Corp. v. Armentrout*, Case No. 3:16-mc-63-N-BN, 2016 WL 3926507 at *1 (N.D. Tex. July 21, 2016)

ORDER TRANSFERRING MOTION TO COMPEL (DKT. NO. 1) TO NORTHERN DISTRICT OF CALIFORNIA - 1

(internal quotation marks omitted).  The underlying litigation is *Eli Lilly and Company v. Adonis Health, Inc.*, 4:25-cv-03536-JST, which has been pending in the Northern District of California since April 23, 2025.

Under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  *Id.* 45(f).  The Advisory Committee Notes to Rule 45 discuss what may constitute exceptional circumstances, finding "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."  Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments.  The Notes caution that "[t]ransfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."  *Id.*

"Courts have also considered a number of factors relating to the underlying litigation including 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'"  *E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, Case No. SA MC 15-00022-DOC (DFMx), 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)).  "'Numerous district courts have found exceptional circumstances' when motion practice 'in the issuing court raises similar arguments to those raised in the motion sought to be transferred.'"  *Bright House Networks, LLC v. MarkMonitor*, Inc., Case No. 20-MC-80083-TSH, 2020 WL 4464882 at *2 (N.D. Cal. Aug. 3, 2020) (quoting *E4*, 2015 WL 12746706, at *3 (citations omitted)).  For example, transfer is warranted when the

issuing court has already considered issues implicated in a subpoena related motion, or where "ruling on the motion to compel would require the court of compliance to duplicate review already conducted by the issuing court, or where it would risk disruption of the issuing court's management of the underlying litigation." *Id.*

In such circumstances, the issuing court is better positioned to rule on the motion due to its familiarity with the underlaying facts and issues. *Id.* Ultimately, "[w]hile a 'prime concern' is to 'avoid burdens on local nonparties subject to subpoenas,' this 'interest of the nonparty in obtaining local resolution of the motion[ ]' must be balanced with the interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (quoting Advisory Committee Notes on 2013 Amendments.)

Here, the underlying litigation has been pending for approximately 15 months, and the Northern District of California has already ruled on a motion to dismiss after full briefing and issued scheduling orders, a protective order, and an order regarding electronically stored information. (*See* 4:25-cv-03536-JST, Dkt. Nos. 40, 45, 50, 57, 62, 66, 69, 72, 74, 81.) Moreover, Judge Jon S. Tigar, the district judge in the underlying litigation, referred all discovery disputes in the case to a magistrate judge, who has recently issued several discovery-related orders. (*See id.*, Dkt. Nos. 91, 92, 93, 94, 95, 96.) Because the Northern District of California "has already ruled on discovery disputes in that matter . . . [the] court is assuredly more familiar with the relevant issues and technical background of the dispute." *Bright House*, 2020 WL 4464882 at *3. The magistrate judge handling the case in the Northern District of California "is in a much better position than this Court to rule on the pending motions to compel efficiently and in a manner consistent with prior rulings." *ASI, Inc. v. Boren, Osher & Luftman,*

ORDER TRANSFERRING MOTION TO COMPEL (DKT. NO. 1) TO NORTHERN DISTRICT OF CALIFORNIA - 3

*LLP*, Case No. MC 24-0151-FMO (JPRX), 2025 WL 1090173 at *1 (C.D. Cal. Jan. 24, 2025); *see also Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 45-46 (D.D.C. 2014) (transferring subpoena-related motions under Rule 45(f) as judge in underlaying litigation was in "better position to rule given her "familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation").

The Court finds that any burden on Colchis, which has not responded to either of Plaintiff's motions, is minimal given that the Advisory Committee Notes to Rule 45 encourage courts to allow third party appearances by telephone in cases where a motion to compel has been transferred. *ASI*, 2025 WL 1090173 at *2. Moreover, any burden is outweighed by the benefits of transferring the motion, which will promote judicial economy, minimize the risk of any inconsistent rulings, and aid the district court in California in managing the underlying litigation.

For these reasons, exceptional circumstances exist to transfer this motion to compel (Dkt. No. 1) to the Northern District of California. Accordingly, Plaintiff's motion to transfer (Dkt. No. 3) is GRANTED. The Court directs the Clerk to close this matter after transfer of the motion to compel.

Dated this 9th day of July, 2026.

David G. Estudillo
United States District Judge

ORDER TRANSFERRING MOTION TO COMPEL (DKT. NO. 1) TO NORTHERN DISTRICT OF CALIFORNIA - 4